## THE PEOPLE *v.* VÁZQUEZ, *alias* PEPÍN.

### APPEAL from the District Court of Guayama.

No. 333.—Decided March 23, 1911.

FINE—ALTERNATIVE IMPRISONMENT IN DEFAULT OF PAYMENT.—Alternative imprisonment in default of payment of a fine, in cases where the defendant has also been sentenced to imprisonment, is illegal.

The facts are stated in the opinion.

*Mr. C. Domínguez* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The District Court of Guayama, in deciding, on appeal from the Justice of the Peace Court of Guayama, a complaint against José Vázquez, *alias* "Pepín," rendered judgment on January 16, 1911, finding him guilty of the crime of carrying concealed weapons and sentenced him to a fine of $50 and 30 days' imprisonment, and directed that he be confined in jail until the fine should be paid in addition to the penalty of imprisonment imposed upon him.

From that judgment the defendant took an appeal to this Supreme Court wherein he presented neither a statement of facts, nor a bill of exceptions, nor an assignment of errors, and so for the purpose of deciding the appeal we have but the transcript of the record and the report of the honorable *fiscal* of this court in which a request is made that the judgment appealed from be modified in that portion where the defendant is sentenced to suffer imprisonment in case he should fail to pay the fine.

As the complaint shows no defect we must assume, in the absence of a statement of facts and bill of exceptions, that the charge was proven and that the trial was conducted in accordance with the law, the only question submitted to our consideration being as to whether the portion of the judgment committing the defendant to jail in default of the fine imposed

upon him is lawful where, in addition to the fine, a term of imprisonment forms part of the same sentence.

In the case of *The People of Porto Rico* v. *José Puente Durán,* decided by this Supreme Court February 17, 1908, this question was thoroughly studied, it being held that imprisonment in default of a fine was illegal where the defendant had also been sentenced to confinement in prison.

The aforesaid opinion and judgment are applicable to this case, and we shall apply the doctrine therein set forth.

Accordingly, the judgment should be affirmed, excepting the portion thereof which imposes imprisonment in default of a fine.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary took no part in the decision of this case.